# Rockwell Manufacturing Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 29672. Promulgated March 14, 1930.

*L. A. Spress, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

278

OPINION.

SMITH: The petitioner contends that the inventory valuations shown in its original return and used by the respondent in his computation are erroneous in that both the opening and the closing inventories were overvalued in the manner above described. The evidence before us fairly supports this contention, but the result obtained is a net increase of trading profit on lumber of $1,228.17 over that determined by the respondent.

In *Eatonville Lumber Co.*, 10 B. T. A. 232, where almost the identical inventory question was raised, we held that the valuation of the inventories made on an average cost basis, which method had been used in both prior and subsequent taxable years, should not be disturbed in the absence of clear proof that the income was not accurately reflected thereby. In the instant case, however, the correct inventory figures have been put in evidence showing the number of board feet and the cost of each separate grade of lumber. The total number of board feet in all grades was correctly shown in the original inventories, but the percentages of the different grades were unequal, resulting in the excessive valuations. The inventory valuation made upon the basis of valuing each grade separately is obviously more nearly accurate under these circumstances and therefore more clearly reflects income than the valuation made upon the basis of the average cost of all grades.

We think that the petitioner is entitled to the deduction of the bad debts disallowed by the respondent. The debts were all reasonably ascertained to be worthless during the taxable year by officers of the company acting with full authority in the matter and in performance of their ordinary duties. This action of the officers was approved by the directors at their next meeting held on August 2, 1924, and the book entries showing the charge to profit and loss account were made on September 1, prior to the date on which the petitioner filed its income-tax return. It was intended by the petitioner's officers that the accounts should be charged off as of the taxable year ended June 30, 1924, and deducted from income of that year. We said in *Webster & Atlas National Bank*, 18 B. T. A. 1200, that:

* * * We have consistently held that the ascertainment of worthlessness, by those with authority to act for the taxpayer, within the taxable year is the essential requirement of the statute and that the charge-off must occur substantially as of the date of the ascertainment of worthlessness. See *Mason Machine Works Co.*, 3 B. T. A. 745; *George H. Fraser*, 6 B. T. A. 997; *First National Bank, Danville, Ind.*, 11 B. T. A. 671; *St. Joseph Valley Bank*, 15 B. T. A. 185.

Under this rule of construction we think that the petitioner has complied substantially with the requirements of the statute in respect to the debts in question.

The respondent has conceded the petitioner's remaining contention that it is entitled to a deduction of $2,202.61 on account of taxes paid or accrued during the taxable year.

*Judgment will be entered under Rule 50.*